# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) CR No.14-241 |
| v. | ) |
| | ) |
| JAMES NASSIDA | ) |

**MEMORANDUM ORDER**

In this action, on October 24, 2016, on a superseding indictment, a jury found Defendant guilty on two Counts of a Superseding indictment charging violations of 18 U.S.C. §§ 1349 and 1344. Following the jury verdict, due to concerns regarding trial counsel, the Court appointed Attorney James Brink, who filed a Motion for New Trial pursuant to Fed. R. Crim. P. 33. The Court held an evidentiary hearing on Defendant's Motion, and by Order dated May 1, 2017, granted Defendant's Motion. Subsequently, Defendant pleaded guilty to one Count of the superseding indictment, of violating 18 U.S.C. § 1349. On January 10, 2018, he was sentenced to a term of imprisonment of 78 months, followed by a term of supervised release.

Subsequently, Defendant filed a pro se Motion for relief pursuant to Fed. R. Civ. P. 60(b) and 59(e). Defendant's Motion raises double jeopardy issues, and asserts that Mr. Brink was ineffective in allowing the case to proceed. Following Defendant's submission, counsel sought and was granted permission to withdraw. The Government responded to Defendant's Motion by filing a Motion for Court to Consider Pleading a Motion Pursuant to 28 U.S.C. § 2255 and to Provide a Miller Notice. Defendant, in turn, responded by moving to withdraw his Rule 60(b)/59(e) Motion, and filing a Section 2255 Motion. The Court granted Defendant's Motion to

Withdraw, and terminated the Government's Motion as moot. Presently, the Government has filed a Motion for the Court to Provide Miller Notice.

Our Court of Appeals has stated that Miller notice is required only when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. Hatches v. Schultz, 381 F. App'x 134, 136 (3d Cir. 2010). Further, the Court of Appeals has questioned whether Miller accords with subsequently decided precedent. United States v. Perry, 142 F. App'x 610, 612 (3d Cir. 2005). Nonetheless, courts within this District continue to issue Miller notice under a variety of circumstances, including when Defendant files a Motion styled as a Section 2255 Motion. In an abundance of caution, and because it does not prejudice Defendant, the Government's Motion will be granted.

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), Defendant is hereby advised that all federal constitutional claims must be included in a single habeas corpus petition, or may be precluded. Section 2255 "bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals." Id. at 649. Furthermore, a one-year limitations period applies to Section 2255 petitions. 28 U.S.C. § 2255(f).

Accordingly, Defendant may choose one of the following: 1) to have his present Motion ruled on as filed; 2) withdraw the pending Motion and file one new, all-inclusive 2255 petition setting forth every ground that may entitle him to relief from the conviction and sentence, provided that the new motion is filed within the one-year statute of limitations; or 3) amend the Motion presently on file with any additional claims or materials, within the one-year limitations period.   Defendant shall file a statement notifying the Court of his choice by August 29, 2019. AND NOW, this 25th day of July, 2019, it is so ordered.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court