# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
|  | ) CR 14-241 |
|  | ) CV 19-824 |
| v. |  |
| JAMES NASSIDA |  |

## OPINION AND ORDER

## SYNOPSIS

On October 24, 2016, a jury convicted Defendant, on a superseding indictment, of violating 18 U.S.C. §§ 1349 and 1344. On October 28, 2016, following the jury verdict, the Court appointed new counsel for Defendant. On November 11, 2016, Defendant moved for a new trial, on grounds that his Sixth Amendment right to counsel had been violated at trial. Following a hearing, by Opinion and Order dated May 1, 2017, the Court granted Defendant's Motion. The jury verdict was vacated, and a new trial scheduled. Thereafter, on August 29, 2017, Defendant withdrew his plea of not guilty and entered a plea of guilty to one Count of the superseding indictment, which charged wire and bank fraud conspiracy in violation of 18 U.S.C. § 1349. On January 10, 2018, Defendant was sentenced to a term of imprisonment of 78 months, followed by a term of supervised release. No appeal was taken.

On July 11, 2019, Defendant filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255. Following Miller notice, Defendant notified the Court that he wished to have his Motion ruled on as filed; the Motion is now ripe for review. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

1

## OPINION

### I. SECTION 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Further, pro se pleadings are to be liberally construed, and I have considered Defendant's submissions accordingly. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

### II. DEFENDANT'S MOTION

Defendant's Motion rests on three arguments: 1) that the Government did not disclose information related to a trial witness, Mark Wolper, in violation of Brady v. Maryland, 83 S. Ct. 1194 (1963); 2) the proceeding, related to the Court-ordered new trial, violated his right against double jeopardy, and counsel was ineffective for failing to so argue; and 3) he was entitled to, and did not receive, a restitution hearing. The Government opposes the Motion on timeliness grounds, and, in the alternative, on substantive grounds.

#### A. BACKGROUND

As recited supra, Defendant was convicted by a jury on October 24, 2016. On November 11, 2016, after the appointment of new counsel, Defendant moved for a new trial. By Opinion and Order dated May 1, 2017, the Court granted Defendant's Motion. The jury verdict was

vacated, and a new trial scheduled. Thereafter, on August 29, 2017, Defendant entered a plea of guilty. He was sentenced on January 10, 2018. No appeal was taken.

Defendant's Brady claim centers on the Government's alleged failure to disclose impeachment information regarding Mark Wolper, a witness at trial. Defendant, referring to the trial that led to his now-vacated 2016 conviction, characterizes Wolper as the Government's primary witness. He contends that the Government failed to disclose Wolper's criminal history. In particular, Defendant points to the criminal proceeding against Wolper in this Court, at W.D.Pa. Docket No. 16-07, which was commenced by Information on January 26, 2016. Wolper pleaded guilty in that matter on March 7, 2016, and was sentenced on January 5, 2017. Defendant further contends that Wolper is the subject of three sealed indictments that were withheld from him. This Court's docket reflects no such indictments, and Defendant has not identified them by court, case number, or otherwise, or cited to the source of his information.

During Defendant's trial, on October 6, 2016, Wolper was subject to cross-examination. On cross examination, defense counsel questioned Wolper about his guilty plea to the federal fraud charge, and the fact that Wolper's sentencing had been postponed pending his assistance at Defendant's trial. Docket No. 173, pp. 81-83, 90. Defense counsel specifically addressed Wolper's hope that "the Government will find that [his] testimony was satisfactory and will recommend to Judge Ambrose that you be spared of jail time[.]" Id. at 83. On redirect, the Government likewise addressed Mr. Wolper's plea agreement. Id. at 103-04.

In response to Defendant's Motion, the Government submits a September 14, 2016 letter to defense counsel, enclosing a CD containing Jencks Act materials, along with the contents of that CD. This submission reflects that the Government provided various pertinent information to defense counsel, and that it provided a copy of Wolper's plea agreement, along with a letter

3

dated October 19, 2015, that Government counsel wrote to Denise Bonfilio ("Bonfilio letter"), a defendant in a different case who had filed a Section 2255 Motion alleging a Brady violation. The letter to Ms. Bonfilio recounted Government evidence-gathering in the course of the present Defendant's trial, related in part to Wolper. Defendant does not challenge the Government's submission, in terms of its validity, occurrence, or otherwise.

In addition to Wolper's criminal history, defendant also asserts that the Government failed to disclose unspecified "information relating to two mortgage fraud schemes" related to Wolper: one involving Citizens Settlement Services ("CSS"), and one involving Lender's Corner, which worked with CSS. The Bonfilio letter disclosed to the defense divulges significant information about both CSS and Lender's Corner. Defendant points to the involvement in one scheme of Michelle Barone, who testified at Defendant's trial. Ms. Barone entered a plea of guilty on May 22, 2014, at this Court's docket no. 14-113. She was sentenced on October 7, 2015. During her testimony at Defendant's trial on October 17, 2016, both counsel for the Government and Defendant questioned Ms. Barone about her federal charges and related plea agreement. Docket No. 185, pp. 60-62, 93-98. Defendant does not point to any specific new or newly discovered facts, obtained subsequent to his guilty plea and not disclosed prior thereto, relating to CSS, Lender's Corner, or Ms. Barone.

By way of discovering the basis for his claims, Defendant asserts that he became aware of the pertinent information in April, 2019, when he came across Bonfilio v. United States, No. 15-1015, 2016 U.S. Dist. LEXIS 145142, at *38 (W.D. Pa. Oct. 20, 2016), during a LEXIS/NEXIS search. In Bonfilio, defendant pleaded not guilty; after a fifteen-day trial, the jury convicted her on eight counts of wire fraud, and one count of money laundering conspiracy. Id. at *2. She then sought relief pursuant to Section 2255, in part on grounds that the

Government had failed to disclose Wolper's misconduct. Id. at \*\*24-25. The Court did not determine whether the Government was required to disclose the information, because it concluded that the evidence was not material to defendant's case. Id. at \*\*42-43/ In so doing, the Court noted the limited importance of Wolper's testimony, its corroboration elsewhere on the record, and "the overwhelming nature of the evidence presented against Bonfilio at trial." Id. at 39-40. Therefore, the Court denied defendant's Motion. Id. at \*66.

### B. TIMELINESS

Pertinent here, Section 2255 requires that a petition be filed within one year of the later of:

> (1) the date on which the judgment of conviction becomes final; or...(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (4).

If no appeal is taken, a conviction becomes final, and the limitations period begins to run, when the time for filing an appeal expires. United States v. Williams, No. 12-3136, 2012 U.S. App. LEXIS 27254, at \*1 (3d Cir. Dec. 20, 2012). The burden of demonstrating timeliness lies with the defendant. Dorival v. United States, No. 04-154-2, 2014 U.S. Dist. LEXIS 200495, at \*1 n.1 (D.V.I. Mar. 28, 2014) (citing United States v. Soto, 159 F. Supp. 2d 39, 45 (E.D. Pa. 2001)).

Defendant was sentenced on January 10, 2018. His time for filing an appeal expired fourteen days thereafter. Fed. R. App. P. 4(b). The first potentially operative date for Defendant's present filing is presented by Defendant's April 9, 2019 Motion for relief pursuant to Fed. R. Civ. P. 60(b) and 59(e), which he ultimately withdrew in favor of a Section 2255 Motion filed on July 11, 2019. Defendant's Rule 60(b) Motion is signed and dated April 4,

2019. I will assume for present purposes that April 4, 2019 supplies the operative date. That date falls more than one year from the expiration of the limitations period. Thus, facially, Defendant's claims are untimely raised.

As the parties acknowledge, however, Defendant's Brady claim implicates Section 2255(f)(4). Pursuant to that provision, "the prisoner has one year to file from the date on which he should have discovered the facts underlying the claims made in the § 2255 motion." United States v. Johnson, 590 F. App'x 176, 178-79 (3d Cir. 2014). Section 2255(f)(4), requires "reasonable effort" to discover the factual predicate of a claim. See, e.g., Ramos-Orozco v. United States, No. 16-23128, 2019 U.S. Dist. LEXIS 140035, at *11 (S.D. Fla. Aug. 16, 2019). Moreover, conclusory references to new evidence cannot support the timeliness of a claim under Section 2255(f)(4). See United States v. Rhodes, No. 15-23, 2019 U.S. Dist. LEXIS 88692, at *4 (W.D. Pa. May 28, 2019).

Defendant suggests that he became aware of his claims as the result of a LEXIS/NEXIS search in April, 2019, in which he discovered the Bonfilio decision and its contents. Generally, a court decision is not a new "fact" that triggers the limitations period under Section 2255(f)(4). C.f., e.g., Wilder v. United States, No. 10-0997, 2011 U.S. Dist. LEXIS 87430, at *20 (W.D. Pa. Aug. 8, 2011). Moreover, even if the facts contained in that decision could trigger Section 2255(f)(4), Bonfilio was decided in 2016. The Bonfilio letter was disclosed to Defendant in 2016. The pertinent information could have been discovered through the exercise of reasonable diligence well before April, 2019. Even assuming that the Government was required to and did not disclose some piece of information contained therein, the decision does not supply an operative date that would render Defendant's Motion timely. Further, the mere fact that Government counsel here was the same as in Bonfilio is not sufficient to support either a claim

6

or application of Section 2255(f)(4). Other than referring to Bonfilio, Defendant does not identify the nature or chronology of any other newly discovered, previously undisclosed facts within the meaning of Section 2255(f)(4). It is apparent that "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" falls before the one-year limitations period even began to run. Defendant's Brady claim, like his others, is untimely raised.

### C. EQUITABLE TOLLING

I will, however, consider whether the limitations period should be equitably tolled. Equitable tolling is only appropriate where "principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Equitable tolling may only be found when: (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. United States v. Boyd, 2009 U.S. Dist. LEXIS 4356, at **6-7 (W.D. Pa. Jan. 20, 2009). To invoke equitable tolling, in addition to showing "extraordinary circumstances" that prevented timely filing, a defendant must show that he exercised reasonable diligence in investigating and bringing his claims. Miller, 145 F.3d at 618-19. Equitable tolling is a remedy that should be invoked sparingly. United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). In this case, Defendant does not demonstrate that the Government actively misled him, and thus caused his tardy filing; that he has been prevented from asserting his rights in some extraordinary way; or that he asserted his rights in the wrong forum. While atypical circumstances led to the vacation of the jury verdict in this case, there are no extraordinary circumstances that justify equitable tolling at this juncture.

## III. SUBSTANTIVE ISSUES

For purposes of completeness, it is worth briefly addressing the fact that Defendant's Motion, even if deemed timely, would fail on its merits.

Under Brady and its progeny, the Government must disclose information that is "favorable to the accused, either because it is exculpatory, or because it is impeaching" of a government witness.[1] Strickler v. Greene, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). Our Court of Appeals has indicated that "[i]n order to find a Brady violation in the first place, a court must find that some prejudice ensued to the defendant," and that "a new trial cures completely any prejudice to a defendant from a Brady violation." Virgin Islands v. Fahie, 419 F.3d 249, 255 n.7, 256 n. 10 (3d Cir. 2005).

In terms of Brady's applicability to the plea stage, the United States Supreme Court has stated as follows:

> [I]mpeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary … Of course, the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be. But the Constitution does not require the prosecutor to share all useful information with the defendant…. the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.

United States v. Ruiz, 536 U.S. 622, 629, 633, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002).

Although Defendant underwent a trial, the resulting verdict was vacated. Assuming without deciding that a Brady violation occurred in connection with Defendant's trial, any such violation was cured when the verdict was vacated. The proceedings essentially began anew, and

---

[1] I note, too, that "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976).

Defendant entered a plea of guilty. The Government was not obligated to disclose impeachment material in connection with that plea, and Defendant does not point to exculpatory material to which Ruiz might not apply. Furthermore, I note that Defendant does not claim that but for an alleged Brady violation, he would have opted for a second trial rather than a plea. Indeed, Defendant possessed more information than the typical accused, due to the lengthy trial that preceded his decision to plead guilty. Even if the now-nullified trial rendered Brady rights pertinent here, as discussed supra, the course of trial revealed the impeachment evidence to which Defendant now points. Given the way this matter unfurled, it would be difficult to conclude that any alleged Brady violation at trial caused Defendant prejudice.

As regards Defendant's double jeopardy argument, "the protection of the Double Jeopardy Clause . . . applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. United States, 468 U.S. 317, 325, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984). Pertinent here, "the presumptively appropriate remedy for a trial with an ineffective lawyer is a new trial with an effective one." United States v. Bergman, 746 F.3d 1128, 1133 (10th Cir. 2014). Defendant's original jeopardy did not terminate when this Court vacated his sentence due to a Sixth Amendment violation. His second counsel's conduct in failing to raise a double jeopardy argument, therefore, did not fall below "the wide range of professionally competent assistance" contemplated by Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As for Defendant's final claim, Section 2255 addresses challenges to custody; thus, an "attack on [a] restitution order is not a cognizable claim under section 2255." United States v. Aouad, No. 12-570, 2017 U.S. Dist. LEXIS 125570, at *8 (E.D. Pa. Aug. 3, 2017). For these reasons, even if it were deemed timely filed, Defendant's Motion would be denied.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, as regards the Section 2255 contentions denied herein, Defendant has not made such a showing. Therefore, no certificate of appealability shall issue.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is untimely, and equitable tolling is not warranted. Even if it had been timely filed, however, Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. His Motion will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: October 17, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 14-241 |
| | ) CV 19-824 |
| v. | |
| JAMES NASSIDA | |

**ORDER**

AND NOW, this 17th day of October, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court