IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES            )
                         ) CR 14-241
                         )
    v.

JAMES NASSIDA

**MEMORANDUM ORDER**

Previously, Defendant filed a Motion for Early Release due to health conditions that place him at elevated risk of death from coronavirus.[1] Defendant did not address whether he had exhausted his administrative remedies. By Order dated April 23, 2020 ("April 23 Order"), this Court denied the Motion without prejudice, for failure to exhaust. Now pending is Defendant's Amended Motion for Early Release, in which he asserts that he has exhausted his administrative remedies. The Government has responded, contending that Defendant still has failed to demonstrate exhaustion.

The First Step Act ("FSA"), in pertinent part, allows a District Court to grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…" 18 U.S.C. 3582(c)(1)(A).

Courts within this Circuit have noted that under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Conway, No. 16-370, 2020 U.S.

---

[1] According to the Federal Bureau of Prisons locator, Defendant is incarcerated at Hazelton USP.

Dist. LEXIS 75427, at *2 (D.N.J. Apr. 29, 2020) (quoting United States v. Epstein, No. 14-287, 2020 U.S. Dist. LEXIS 62833, at *5 (D.N.J. Apr. 9, 2020)).  As stated in my April 23 Order, our Court of Appeals has made clear that strict compliance with the exhaustion requirement is of critical importance in this context.  "Indeed, the Third Circuit's strong language regarding exhaustion leaves no wiggle room."  Epstein, 2020 U.S. Dist. LEXIS 62833, at *10.  Accordingly, a conclusory declaration that Defendant has exhausted his administrative remedies, without more, is insufficient to allow the Court to proceed.  A party's bare, unsupported assertion that he has fulfilled exhaustion requirements does not, as a matter of fact or law, make it so.  The Court appreciates the risks and urgency pressing on Defendants and others in his position, but is not yet at liberty to assess the substance of his Motion.

      Defendant's Motion is denied, without prejudice to Defendant to reassert his Motion in order to demonstrate that he has exhausted his administrative remedies.  AND NOW, this  21st  day of May, 2020, IT IS SO ORDERED.

                                    BY THE COURT:

                                    _____

                                    Donetta W. Ambrose
                                    Senior Judge, U.S. District Court